IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Natanael María, et al.,<br>Plaintiffs,<br><br>v.<br><br>Héctor Colón, et al.,<br>Defendants. | Civil No. 23-1344 (GLS) |

**OPINION AND ORDER**

Natanael María Román ("María Román"), Lorenzo María, and Matea Román (Lorenzo María and Matea Román are jointly referred to as "María Román's parents") filed a suit for personal injury under diversity jurisdiction, 28 U.S.C. § 1332, against Defendants Héctor Colón ("Colón"), Tamara Babilonia ("Babilonia"), and the conjugal partnership constituted between them (the "Conjugal Partnership"). Docket No. 1. Pending before the Court are two dispositive motions. Babilonia and the Conjugal Partnership moved for the dismissal of María Román's claims.[1] Docket No. 11. Colón moved for the dismissal of all claims. Docket No. 12. Plaintiffs opposed, Defendants replied, and Plaintiffs sur-replied. See Docket Nos. 15, 18, and 31. For the reasons set forth below, Babilonia and the Conjugal Partnership's Motion to Dismiss at Docket No. 11 is **GRANTED** and Colón's Motion to Dismiss at Docket No. 12 is **GRANTED in part and DENIED in part**.

**I.  Factual and Procedural Background**

As alleged in the complaint, on or about 1999, when María Román was fifteen (15) years old, Colón —who was the pastor in his religious community and leader of the youth group— sexually assaulted María Román for the first time. Docket No. 1 at ¶¶ 14-15, 21. The alleged sexual assaults continued until 2002, when María Román was eighteen (18) years old. Id. at ¶¶ 21-26. María Román claims to have been assaulted six (6) times. Id. The alleged assaults took place while

---

[1]     Babilonia and the Conjugal Partnership did not seek dismissal of the claims asserted by María Román's parents. Docket Nos. 10 at p. 1 n.1; 11 at p. 1 n.1.

Case 3:23-cv-01344-GLS    Document 35    Filed 09/16/24    Page 2 of 7

María et al. v. Colón et al.
Civil No. 23-1344 (GLS)

María Román worked with Colón supplying produce around the island. Id. at ¶ 19. At some point in 2018, María Román sought psychological treatment and the therapist told him that his mental anguishes and struggles were rooted in the sexual assaults by Colón. Id. at ¶ 32. According to María Román, he did not believe to have been sexually assaulted until July 2022. Id. at ¶¶ 32-33. To this end, María Román claims that it was not until July 2022 that he "acknowledged, comprehended, recognized, and accepted" that he had been assaulted by Colón. Id. On July 28, 2022, María Román told his parents about the assaults.[2] María Román's parents allege to have been suffering emotionally since then. Id. at ¶ 39.

Defendants moved for dismissal of the complaint for failure to state a claim. Docket Nos. 11 and 12. Babilonia and the Conjugal Partnership argue that María Román's claims are time barred because he failed to file suit within the year of the alleged assaults. Docket No. 11 at p. 3. And that, even if the statute of limitations started to accrue when María Román turned twenty-one (21), María Román's claims are time barred because he did not file his complaint until the year 2023. Babilonia and the Conjugal Partnership argue that, at the latest, María Román had one (1) year from the time he learned in 2018 that he had been sexually assaulted to file the complaint or interrupt the accrual of the statute of limitations. Id. at pp. 3-4, 10. They further argue that, in any event, Colón's actions were not committed for the benefit of the Conjugal Partnership, and for that additional reason, María Román's claims against Babilonia and the Conjugal Partnership fail. Id. at pp. 9, 11-12. Colón argues that all of Plaintiffs' claims are time barred. Id. at p. 6.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, a complaint must establish "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007); Rodríguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007). A claim is plausible when the facts alleged allow for "a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009). In considering a motion to dismiss under Rule 12(b)(6), the Court must accept the well-pleaded factual allegations

---

[2] María Román alleges that his parents suffered gravely after being told that Colón had "molested and sexually assaulted their two sons[.]" (Emphasis added). Docket No. 1 at ¶ 39. This is the only allegation that refers to Plaintiff's brother, who is not a party in this case. Plaintiff further alleges that his parents are "continuously suffering the mental anguish directly derived from the now known sufferings of their son and their own mental anguishes … that marked [] the lives of their son." (Emphasis added). See id. at ¶ 40.

Case 3:23-cv-01344-GLS  Document 35  Filed 09/16/24  Page 3 of 7

María et al. v. Colón et al.
Civil No. 23-1344 (GLS)

in the complaint as true and resolve all inferences in favor of the plaintiffs. Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008).

### III. Discussion

A federal court sitting in diversity must apply state substantive law. Suero-Algarín v. CMT Hosp. HIMA San Pablo Caguas, 957 F.3d 30, 39 (1st Cir. 2020). For diversity tort actions such as this one, Puerto Rico substantive law controls. The claims before the Court involve Puerto Rico's general tort statute.[3] Article 1802 of the Puerto Rico Civil Code states "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage done." 31 P.R. Laws Ann. § 5141. A one-year statute of limitations applies on claims under Article 1802. That period ordinarily begins to accrue "at the time that the aggrieved party knows (or should have known) of both his [or her] injury and the identity of the party who caused it." González-Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 (1st Cir. 2009). See 31 P.R. Laws Ann. § 5298 (the statute of limitations for filing a tort claim under Article 1802 commences when "the aggrieved person had knowledge thereof."). A plaintiff has knowledge of the injury when he or she has notice of (1) the injury and (2) the person who caused it. Rodríguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997). A person may have actual knowledge or may be deemed to have had knowledge. "Actual knowledge" occurs when a plaintiff is "aware of all the necessary facts and the existence of a likelihood of a legal cause of action." Alejandro-Ortiz v. Puerto Rico Elec. Power Auth., 756 F.3d 23, 27 (1st Cir. 2014) (quoting Rodríguez-Suris, 123 F.3d at 14). A plaintiff "is deemed to be on notice of [his or] her cause of action if [he or] she is aware of certain facts that, with the exercise of due diligence, should lead [him or] her to acquire actual knowledge of [his or] her cause of action." Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc., 812 F.3d 213, 216 (1st Cir. 2016) (cleaned up). If a plaintiff brings an action more than a year after the injury, "[he or] she bears the burden of proving that [he or] she lacked the requisite 'knowledge' at the relevant times" and that for that reason the statute of limitations period of one

---

[3] Although a new Civil Code was adopted in 2020, the Puerto Rico general tort statute did not suffer substantial changes. See González-Ortiz v. Puerto Rico Aqueduct and Sewer Auth., 2024 WL 3759659, at *10-11 (D.P.R. Aug. 12, 2024); QBE Seguros v. Morales-Vázquez, 2023 WL 3766078, at *3 (D.P.R. 2023). Nonetheless, because the events giving rise to this action took place from 1999 until 2002, María Román's claims will be evaluated under the Puerto Rico Civil Code of 1930. See Candelaria-Fontanez v. Federal Bureau of Prisons, 2023 WL 2895150, at *3 (D.P.R. April 11, 2023); Wiscovitch v. Cruz, 2022 WL 1272153, at n.15 (D.P.R. 2022). María Román's parents' claims stem from damages allegedly suffered after the year 2020. The 2020 Civil Code applies to those claims.

Case 3:23-cv-01344-GLS  Document 35  Filed 09/16/24  Page 4 of 7

María et al. v. Colón et al.
Civil No. 23-1344 (GLS)

year has not elapsed. Alejandro-Ortiz, 756 F.3d at 27 (quoting Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987)).

### 1. María Román's Tort Claim under Article 1802

There is no controversy that María Román spoke to a psychologist in 2018 who told him that his mental and emotional distress were due to the sexual assaults of Colón. Docket No. 1 at ¶ 32. But María Román alleges that at that time he did not believe he had been assaulted. Id. Instead, María Román alleges that he lacked knowledge of the injury until July 2022, after undergoing many therapies. Id. It was not until 2022 that María Román allegedly "acknowledged, comprehended, recognized, and accepted" the incidents that had occurred from 1999 until 2002. Id. at ¶ 33. Defendants counter that María Román's claims are time barred. The issue lies on whether María Román had the sufficient knowledge in 2018 to trigger the running of the limitations period. For accrual purposes, the injured person must have both notice of the injury and knowledge of the identity of the tortfeasor. When a plaintiff has actual knowledge of the injury and the identity of the person who caused it, the one-year statute of limitations period begins to accrue. Rivera-Carrasquillo, 812 F.3d at 216. Alternatively, the statute of limitations "begins running at the time a reasonably diligent person would discover sufficient facts to allow her to realize that she had been injured and to identify the party responsible for that injury." Id. (emphasis added). A plaintiff who sues more than one year after the date of the injury bears the burden of proving that he or she lacked the requisite knowledge at the relevant time. Id. In other words, "plaintiff must show (perhaps by convincing a jury) that despite her diligence in pursuing her legal rights, [he or] she did not gain enough knowledge to bring suit until sometime after the date of the injury." Id. at 217.

María Román posits that he acquired knowledge of the alleged assaults in July 2022. And timely filed suit on June 30, 2023. Accepting all well pleaded factual allegations as true, drawing all reasonable inferences in María Román's favor, and construing the complaint liberally— as we should at this juncture— María Román has sufficiently pled that it was not until July 2022 that he "for the first time [] acknowledged, comprehended, recognized, and accepted that he was sexually assaulted by the defendant." María Román underwent therapy to discover "sufficient facts to allow [him] to realize that [he'd] been injured and to identify the party responsible for that injury." Rivera-Carrasquillo, 812 F.3d at 216. At this stage, it is reasonable to conclude that María Román has pled sufficient facts to establish that the statute of limitations clock began ticking in July 2022.

Case 3:23-cv-01344-GLS     Document 35     Filed 09/16/24     Page 5 of 7

María et al. v. Colón et al.
Civil No. 23-1344 (GLS)

For that reason, dismissal of María Román's Article 1802 claim against Colón is unwarranted at this juncture. But because María Román bears the burden of proving that knowledge of the injury and the perpetrator was not acquired by him until less than one year prior to the date in which the complaint was filed, the Court could revisit this issue (if presented by Defendants) after conclusion of discovery under Rule 56 of the Federal Rules of Civil Procedure.[4]

### 2. The Solidarity of the Conjugal Partnership

Under Puerto Rico law, all debts and obligations contracted during the marriage by either spouse are chargeable to the conjugal partnership if the debt or obligation is made in the family interest and not for the sole benefit of a spouse. 31 P.R. Laws Ann. tit. 31 § 3661; Gelabert de Peguero v. Municipality of San Juan, 2017 WL 11512626, at *2 (D.P.R. Mar. 31, 2017); Morales Figueroa v. Valdes, 2016 WL 1171512, at *5 (D.P.R. Mar. 24, 2016). However, "conjugal partnerships are not directly responsible for the payment of fines or pecuniary condemnations imposed against one of the spouses." Ortiz-Sánchez v. Steidel-Figueroa, 2023 WL 6729513, at *11 (D.P.R. Sept. 26, 2023), adopted 2023 WL 6687805 (D.P.R. Oct. 12, 2023) (quoting Vélez-Acevedo v. Centro de Cancer de la Universidad de P.R., 2021 WL 2785496, at *10 (D.P.R. July 2, 2021)). See also 31 P.R. Laws Ann. tit. 31 § 3663. The conjugal partnership may only respond subsidiarily for the judgment, in the execution stage, if the debtor spouse has no private means to satisfy the monetary obligation. Vélez-Acevedo, 2021 WL 2785496, at *10; Gelabert de Peguero, 2017 WL 11512626, at *2.

María Román has not pled any wrongdoing by Babilonia or the Conjugal Partnership. See Docket No. 1 at pp. 4-7. There are also no factual allegations from which to infer that Colón's alleged tortious acts in any way benefited Babilonia or the Conjugal Partnership or were done in the interest of the family. See e.g., Rosario Toledo v. Distribuidora Kikuet, Inc., 2000 WL 943550, at *6 (D.P.R. June 29, 2000) (the intentional act of sexual harassment in no way benefits the conjugal partnership). There are thus no viable claims pled against Babilonia and the Conjugal Partnership. María Román's claims against Babilonia and the Conjugal Partnership will be dismissed without prejudice.

---

[4] María Román sustains that Colón's assurances that "[he] was homosexual and that the things they were doing were normal and that [he] should not be ashamed" deceived and prevented him from having the necessary information to file suit. Docket No. 15 at p. 11. Defendants have not addressed this argument. Having decided to deny dismissal on the pleadings, the Court refrains from considering this argument except to note that evidence of such alleged deceit (if unearthed during discovery) could be relevant at summary judgment stage.

María et al. v. Colón et al.
Civil No. 23-1344 (GLS)

### 3.     María Román's Parents' Tort Claims under Article 1536

Colón argues that María Román's parents' claims for damages due to emotional distress should be dismissed as untimely. Docket No. 12 at p. 6. Colón theorizes that María Román's parents should have known about their son's injury (1) when María Román reached adulthood, (2) when María Román was told by his psychologist in 2018 that he had been sexually assaulted, or (3) by exercising due diligence. Docket No. 12 at p. 6. María Román's parents counter that there was no way for them to know of incidents that occurred between 1999 and 2002 because no one told them until July 28, 2022. Docket No. 15 at p. 12. As discussed, tort claims arising under Article 1536 are subject to a one-year statute of limitation.[5] This one-year period begins to accrue when the injured party acquires knowledge of the injury and knowledge of the identity of the tortfeasor. María Román's parents have pled that they gained knowledge of their cause of action on July 28, 2022, when their son told them about the alleged assaults. Colón does not dispute this allegation. Taking all well-pleaded facts as true, the one-year statute of limitations for María Román's parents' tort claims began to accrue on July 28, 2022. María Román's parents' claims are timely.

### 4.     Claim for Punitive Damages

María Román and his parents seek punitive damages. Colón argues that they are not entitled to punitive damages under the Puerto Rico Civil Code of 1930. Docket No. 12 at p. 7. The Civil Code of 1930 did not contemplate punitive damages. Díaz-Morales v. Universidad de Puerto Rico, 2023 WL 3177792, at *2 (D.P.R. May 1, 2023); Noble v. Corp. Insular de Seguros, 738 F.2d 51, 54 (1st Cir. 1984); Marina Industrial v. Brown Boveri, 114 D.P.R. 64 (1983). The Puerto Rico Civil Code of 1930 governs María Román's claims because it was in effect at the time the alleged incidents took place. Candelaria-Fontanez v. Federal Bureau of Prisons, 2023 WL 2895150, at *3 (D.P.R. Apr. 11, 2023). As such, María Román is not entitled to punitive damages. However, María Román's parents' claims stem from emotional distress allegedly suffered after the year 2022. The Puerto Rico Civil Code of 2020 contemplates the imposition of punitive damages in actions for tort. See 31 P.R. Laws Ann. § 10803 ("[W]henever the act or omission constitutes a crime, is committed intentionally or with serious disregard for the life, safety, and property of

---

[5] Article 1536 replaced Article 1802 when the new Puerto Rico Civil Code came into effect in 2020. Article 1536 contains the same elements as its predecessor. All caselaw analyzing Article 1802 "remains in effect and will be applied to any actions brought pursuant to Article 1536 of the Puerto Rico Civil Code of 2020." Dumanian v. FirstBank of Puerto Rico, 2024 WL 197429, at p. 3 n.4 (D.P.R. Jan. 17, 2024).

Case 3:23-cv-01344-GLS    Document 35    Filed 09/16/24    Page 7 of 7

María et al. v. Colón et al.
Civil No. 23-1344 (GLS)

others, the judge [or jury] may impose additional compensation that shall not be greater than the amount of damage caused."). See also Rodríguez-Pérez v. Abreu-García, 2024 WL 808654, at *6 (D.P.R. Feb. 27, 2024) (the Puerto Rico Civil Code of 2020 states that, upon making the requisite showing, plaintiffs are entitled to punitive damages). Dismissal of María Román's claim for punitive damages is warranted. María Román's parents' claim for punitive damages remains.[6]

## IV.    Conclusion

For the reasons discussed above, Babilonia and the Conjugal Partnership's Motion to Dismiss at Docket No. 11 is **GRANTED**. María Román's claims against Babilonia and the Conjugal Partnership will be **DISMISSED without prejudice**. Colón's Motion to Dismiss at Docket No. 12 is **GRANTED in part and DENIED in part**. María Román's claim for punitive damages will be **DISMISSED with prejudice**. María Román's tort claims against Colón and María Román's parents' claims against Colón remain.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 16th day of September 2024.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

---

[6] María Román's parents will nonetheless bear the burden of establishing that the acts giving rise to their claim entitle them to punitive damages. Rodríguez-Pérez, 2024 WL 808654, at *6.